UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEFTALI PALACIOS,

               Plaintiff,

-against-

Z &G DISTRIBUTORS, INC., FORTUNE DIST. CORP., FORTUNE DISTRIBUTOR OF THIRD AVENUE CORP., and SAMI ZEITOUNE, jointly and severally,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/13

11 Civ. 2538 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Having received no objection to Magistrate Judge Maas' August 6, 2013 report and recommendation, the Court reviewed the recommendation and found no "clear error on the face of the record." *Walker v. Vaughn*, 216 F.Supp.2d 290, 292 (S.D.N.Y. 2002) (quoting *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks omitted). Accordingly, the Court accepts and adopts the thorough and well-reasoned report and recommendation, awarding Plaintiff: (1) damages in the amount of $43,387.91, plus prejudgment interest on his state claims at the rate of nine percent per annum from July 15, 2010, and (2) attorney's fees and costs in the amount of $4,070.00.

    The Clerk of the Court is directed to enter judgment accordingly.

    SO ORDERED.

Dated: September 11, 2013
       New York, New York

                                          ANALISA TORRES
                                        United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NEFTALI PALACIOS,                                 :

                    Plaintiff,                    :

        - against -                               :

Z & G DISTRIBUTORS, INC., et al.,                 :

                                                  :
                    Defendants.
------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/6/2013__

**REPORT AND RECOMMENDATION TO THE HONORABLE ANALISA TORRES**

11 Civ. 2538 (AT) (FM)

**FRANK MAAS**, United States Magistrate Judge.

Plaintiff Neftali Palacios ("Palacios") brings this wage and hour action against defendants Z & G Distributors, Inc., Fortune Dist. Corp., Fortune Distributor of Third Avenue Inc., and Sami Zeitoune ("Zeitoune") (collectively, "Defendants"), seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq. (ECF No. 1 ("Complaint" or "Compl.")). On February 13, 2013, following the entry of a default judgment against the Defendants, the case was referred to me to conduct an inquest. (ECF Nos. 13, 14). For the reasons set forth below, Palacios should be awarded damages in the amount of $43,387.91, plus prejudgment interest on his state law claims. In addition, Palacios should be awarded attorney's fees and costs in the amount of $4,070.

I.   Standard of Review

In light of the Defendants' default, Palacios' well-pleaded allegations concerning issues other than damages must be accepted as true. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y.C. v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). Accordingly, the only question before the Court is the quantum of damages Palacios is entitled to recover.

Although a plaintiff seeking to recover damages against a defaulting defendant must prove the claim through the submission of evidence, the Court need not hold a hearing as long as it has determined the proper rule for calculating damages, see Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Both requirements having been met in this case, a hearing is unnecessary.

II.   Background

Palacios' uncontested Complaint and inquest papers establish as follows:

Defendants operated Easy Shopping Department Store, a small chain of retail stores with three locations in Manhattan and one in the Bronx. (Compl. ¶ 11). Zeitoune "actively participated in" these businesses and exercised "substantial control" over store employees, including Palacios. (Id. ¶ 12).[1]

---

[1] Indeed, the Court can take judicial notice that filings with the New York Secretary of State list Zeitoune as the "Chairman or Chief Executive Officer" of all these businesses. See Fed. R. Evid. 201.

In February 2010, the Defendants hired Palacios to work as a restocker at their Third Avenue location. (ECF No. 11 (Aff. of Neftali Palacios, sworn to on Dec. 19, 2012 ("Pl.'s Aff."), ¶ 3)). Palacios sets forth the number of hours and weeks he worked and his hourly wage for each week in a spreadsheet annexed to his affidavit. (See id., Ex. 1 ("Spreadsheet")). From February 1 through April 14, 2010, Palacios worked 71 hours each week and received compensation in the amount of $280 per week. (Id.). From April 15 through December 14, 2010, Palacios worked 77 hours per week at a rate of $300 per week. (Id.). From December 15 until his employment ended on December 26, 2010, Palacios worked 83 hours per week and was paid $300 per week. (Id.). The Defendants did not pay Palacios any wages during his final week of employment. (Id.; see also Pl.'s Aff. ¶ 4).

At no point during his employment was Palacios paid the minimum wage required by the FLSA or NYLL, the overtime rate of time and one-half required by those statutes, or the "spread of hours" premium required under the NYLL. (Compl. ¶ 14; Pl.'s Aff. ¶¶ 5-6). The Defendants also failed to maintain accurate and sufficient time records during Palacios' employment. (Compl. ¶ 16).

Each Defendant's failure to comply with the requirements of the FLSA and NYLL was both knowing and willful. (Id. ¶¶ 26, 32).

III. Discussion

Palacios asserts claims under the FLSA and NYLL. Palacios' claims, and the sums he is entitled to recover, are as follows:

A. Labor Laws

Palacios contends that the Defendants are jointly and severally liable for damages under the FLSA and NYLL because they willfully failed to pay him minimum wages, overtime, and "spread of hours" wages as required by law. (See Pl.'s Inquest Mem. of Law ("Pl.'s Mem.") (ECF No. 16)).

1. Minimum Wage

The FLSA requires employers to pay their employees at least the federal minimum wage for every hour worked. 29 U.S.C. § 206. "Where an employer fails to maintain adequate records of his employees' compensable time as required by the FLSA, a plaintiff employee must produce only 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" Cuzco v. Orion Builders, Inc., 262 F.R.D. 325, 331 (S.D.N.Y. 2009) (quoting Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 67 (2d. Cir. 1997)). Palacios alleges that, from February 1 to April 14, 2010, he worked 71 hours per week and was paid $280 per week, making his hourly rate $3.94. (See Spreadsheet). From April 15 to December 14, 2010, Palacios worked 77 hours per week and earned $300 per week, translating to an hourly rate of $3.90. (Id.). From December 15 to 19, 2010, Palacios worked 83 hours each week and

was paid $300 per week, which corresponds to an hourly rate of $3.61. (Id.).[2] Palacios worked 83 hours from December 20 to 26, 2010, but was not paid any wage. (Id.). These allegations having been uncontested, Palacios is entitled to recover for each of these time periods the difference between what he actually was paid and the prevailing minimum wage at the time.

Throughout the time Palacios worked for the Defendants, the federal minimum wage and the New York state minimum wage were the same: $7.25 per hour. See 29 U.S.C. § (1)(C); N.Y. Lab. Law § 652(1). Consequently, the Defendants owe Palacios unpaid minimum wages totaling $12,112.66. (See Spreadsheet).

   2.   Overtime

Palacios also is entitled to overtime pay pursuant to the FLSA and NYLL. (See Compl. ¶ 21). The FLSA requires compensation at one and one-half times the minimum wage for every hour worked over forty hours per week. See 29 U.S.C. § 207(a)(1). The NYLL requires overtime pay that is consistent with the FLSA. See 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 ("An employer shall pay an employee for overtime . . . in the manner and methods provided in and subject to the exemptions of [the FLSA].").

---

[2] These amounts differ somewhat from Palacios' calculations. For example, Palacios consistently calculated his equivalent hourly rate at three cents higher than the correct amount. There appear to be other discrepancies which most likely are the result of rounding differences. In each instance, however, Palacios' overall requested damages are sightly lower than my calculations. Because the differences are de minimis, the Court will adopt Palacios' indicated damages.

Palacios' allegations establish that he worked substantially more than 40 hours per week. Specifically, he alleges that he worked 31 overtime hours per week from February 1 through April 14, 2010; 37 overtime hours per week from April 15 through December 14, 2010; and 43 overtime hours per week from December 15 through December 26, 2010. Palacios therefore is entitled to damages equal to one and one-half times the federal minimum wage from February 1 through December 26, 2010. Accordingly, Palacios is owed $6,038.47 in overtime pay. (See Spreadsheet).

3.   Spread of Hours

Under the NYLL, an employer must pay an employee who works more than ten hours in one day an additional hour at the minimum wage. 12 N.Y. Comp. Code R. & Regs. tit. 12, § 142–2.4. Palacios alleges that he worked more than ten hours per day, six days each week, for a total of 47 weeks. (Pl.'s Aff. ¶ 6; Spreadsheet). Palacios therefore is owed $2,038.29 in "spread of hours" pay.

B.   Liquidated Damages

Both the FLSA and NYLL provide for the recovery of liquidated damages. Under the FLSA, liquidated damages in an amount equal to compensatory damages are mandatory, unless an employer demonstrates that it acted in good faith. 29 U.S.C. §§ 216(b), 260. During the entire period Palacios worked for the Defendants, liquidated damages also were available to Palacios in an amount equaling twenty-five percent of any underpayments for willful violations of the NYLL.

6

By virtue of their default, the Defendants have admitted that they acted willfully and in bad faith, thus entitling Palacios to liquidated damages. (Compl. ¶¶ 26, 32).

Unlike the FLSA, the NYLL incorporates the "spread of hours" premium for purposes of awarding liquidated damages. Compare 29 U.S.C. § 216(b) (offending employers "shall be liable . . . in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages"), with N.Y. Lab. Law § 663(1) (McKinney 2010) (offending employers shall be liable for "liquidated damages equal to . . . the total of such underpayments found to be due").

District courts in this Circuit have disagreed as to whether a plaintiff can simultaneously recover liquidated damages under both the FLSA and the NYLL. The majority view is that such a simultaneous recovery is permissible because liquidated damages under the FLSA and the NYLL serve different purposes. As those cases accurately state, while liquidated damages under the FLSA are considered compensatory, essentially serving as a form of prejudgment interest, liquidated damages under the NYLL are punitive. See, e.g., Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008) ("[A] prevailing plaintiff who can justify both [FLSA] liquidated damages and state-law [liquidated] damages should be eligible to recover both, since they . . . serve fundamentally different purposes.") (internal quotation marks omitted); accord Lanzetta v. Florio's Enters., Inc., No. 08 Civ. 6181 (DC), 2011 WL 3209521, at *5

(S.D.N.Y. July 27, 2011); Jin M. Cao v. Wu Liang Ye Lexington Rest., No. 08 Civ. 3725 (DC), 2010 WL 4159391, at *5–6 (S.D.N.Y. Sept. 30, 2010); Callier v. Superior Bldg. Servs., Inc., No. 09-CV-4590 (ILG) (JMA), 2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010).

Other courts have reached the opposite conclusion, holding that "a plaintiff is not entitled to both federal and state liquidated damages because they serve the same practical purposes in compensating the plaintiff and deterring wage violations." Li Ping Fu v. Pop Art Int'l Inc., No. 10 Civ. 8562 (DLC) (AJP), 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011) (Report & Rec.), adopted as modified on other grounds, 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011); see also Chun Jie Yin v. Kim, No. 07-CV-1236 (DLI) (JO), 2008 WL 906736, at *7 (E.D.N.Y. Apr. 1, 2008) ("[T]o the extent the 'liquidated damages' available under the FLSA can properly be characterized as compensation, it is apparent that the 'liquidated damages' available under the state statute compensates the exact same harm—namely, the harm caused by the defendant's culpable state of mind."); Jin v. Pac. Buffet House, Inc., No. 06-CV-579 (VVP), 2009 WL 2601995, at *9 (E.D.N.Y. Aug. 24, 2009) ("Regardless of the purpose, the award under the FLSA is four times the award under state law, and thus is more than sufficient to satisfy any punitive purpose the state law is intended to serve.").[3]

---

[3] In Li Ping Fu, Magistrate Judge Peck found the minority view even more compelling "now that the New York Labor Law's liquidated damages provision has been amended[, effective April 9, 2011,] to mirror the FLSA by providing 100% liquidated damages." Li Ping Fu, 2011 WL 4552436, at *5 n.9.

Although there are similarities in the "practical purposes" of both statutes, Li Ping Fu, 2011 WL 4552436, at *5, the Second Circuit impliedly has recognized that each liquidated damages provision serves a different goal. See Reich, 121 F.3d at 70–71 ("Liquidated damages under the FLSA are considered compensatory rather than punitive in nature."). Consistent with that view, Palacios should be permitted to recover liquidated damages under both the FLSA and NYLL. Indeed, by failing to appear in this lawsuit, the Defendants have waived any claim to the contrary.

After subtracting the "spread of hours" premium from the FLSA liquidated damages calculation, Palacios is entitled to recover liquidated damages in the amount of $18,151.13 under the FLSA and $5,047.36 under the NYLL. Accordingly, Palacios' total liquidated damages are $23,198.49.

C.  Prejudgment Interest

Palacios further is entitled to prejudgment interest on his state law claims at the rate of nine percent per annum. N.Y. C.P.L.R. § 5001. Palacios is not entitled to prejudgment interest under the FLSA. Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988) (citing Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)). This is because "liquidated damages awarded under the FLSA for unpaid overtime [already are] designed to compensate employees for delay in payment, [and] such damages [therefore] are the functional equivalent of prejudgment interest on the overtime pay." Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011).

"When unpaid wages were incurred at various times, simple prejudgment interest is calculated from a singular, midpoint date through the date judgment is entered." Gortat v. Capala Bros., ___ F. Supp. 2d ___, No. 07 CV 3629 (ILG), 2013 WL 2566622, at *9 (E.D.N.Y. June 12, 2013) (quotations, brackets, and ellipses omitted); see also Gonway v. Icahn & Co., Inc., 16 F.3d 504, 512 (2d Cir. 1994) ("where damages are incurred at various times after the cause of action accrues, [New York law] grants courts wide discretion in determining a reasonable date from which to award prejudgment interest"). Here, because the Defendants owe Palacios wages for the period from February 1 to December 26, 2010, it is appropriate to calculate prejudgment interest from a reasonable midpoint. See, e.g., Greathouse v. JHS Sec., Inc., No. 11 Civ. 7845 (PAE) (GWG), 2012 WL 3871523, at *8 (S.D.N.Y. Sept. 7, 2012) (approving midpoint as basis for calculation of interest); Liu v. Jen Chu Fashion Corp., No. 00 Civ. 4221 (RJH) (AJP), 2004 WL 33412, at *5 (S.D.N.Y. Jan. 7, 2004) (same). "The median date between the earliest ascertainable date the cause of action existed and the date the action was filed is the one most commonly used." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012). Accordingly, Palacios should be awarded interest on his state law claims from July 15, 2010 forward at a rate of nine percent per annum.

D.   Attorney's Fees and Costs

Finally, Palacios seeks reimbursement for $5,340 in attorney's fees and costs in the amount of $516.15. (Compl. ¶ 34(h); Pl.'s Mem. at 6). "Both the FLSA and NYLL are fee-shifting statutes entitling [Plaintiffs] to recover . . . reasonable attorneys'

10

fees and costs." Gurung v. Malhotra, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012); see 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1–a).[4]

### 1. Attorney's Fees

To determine the amount of attorney's fees to which a party is entitled, a court must calculate the "presumptively reasonable fee," often referred to as the "lodestar." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). That amount is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Id.; see also Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010). The presumptively reasonable fee is calculated by multiplying the reasonable number of hours that the case requires by the hourly reasonable rate. Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

---

[4] Effective April 9, 2011, N.Y. Lab. Law § 663(4) provides that:

In any civil action by an employee or by the commissioner, the employee or commissioner shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment. Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

Therefore, if the Defendants fail either to pay the attorney's fees and costs assessed or appeal within ninety days, the portion of that judgment attributable to Palacios' NYLL claims will automatically increase by fifteen percent.

a.      Reasonable Hourly Rate

In assessing the reasonableness of an attorney's hourly rate, consideration is given to whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." I.B. v. N.Y.C. Dep't of Educ., 336 F.3d 79, 80 (2d Cir. 2003) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). The Court may rely on its own knowledge of private firm hourly rates, Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987), and "may adjust the base hourly rate to account for other case-specific variables." Arbor Hill, 522 F.3d at 184. These variables include twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983) (citing Johnson, 488 F.2d at 717-19); see also Arbor Hill, 522 F.3d at 186 n.3 (citing the Johnson factors). The Court need not "recite and make separate findings as to all twelve Johnson factors." Lochren v. Cnty. of Suffolk, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Palacios was represented in this action by Brandon D. Sherr, Esq., of the Law Office of Justin A. Zeller, P.C., which is located in Manhattan. (Affirm. of Mr. Sherr, dated Apr. 4, 2013 ("Sherr Affirm."), ¶ 1). Mr. Sherr is the sole timekeeper for whom Palacios seeks to recover fees. Mr. Sherr billed at a rate of $300 per hour, which is his customary rate. (Id. at ¶ 5). Although Mr. Sherr did not provide background information concerning his level of experience, the New York State Unified Court System website indicates that Mr. Sherr was admitted to the New York bar in 2011.

"[T]he FLSA and New York Labor Law are both straightforward statutes." Castellanos v. Deli Casagrande Corp., No. CV 11-245 (JFB) (AKT), 2013 WL 1207058, at *10 (E.D.N.Y. Mar. 7, 2013) (internal quotation omitted). Thus, attorneys in FLSA cases typically do not command hourly rates of $300 or more unless they have significant litigation experience. Yea Kim v. 167 Nail Plaza, Inc., No. 05 Civ. 8560 (GBD) (GWG), 2009 WL 77876, at *8 (S.D.N.Y. Jan. 12, 2009) (range for "'seasoned' [FLSA] litigators would be $254-381 today. Junior attorneys have been awarded far less.") (citing Tlacoapa v. Carregal, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005) (awarding $125 hourly rate for junior attorney on FLSA case)); Wong v. Hunda Glass Corp., No. 09 Civ. 4402 (RLE), 2010 WL 3452417 at *3 (S.D.N.Y. Sept. 1, 2010) (rate of $250 to $350 per hour was appropriate for attorneys with ten years of experience litigating FLSA cases).

Considering the straightforward nature of the work performed in this case, the relative simplicity of the issues involved, and the fact that Mr. Sherr has been practicing law in New York for less than three years, it is appropriate to reduce Mr.

Sherr's hourly rate to $200 per hour. See Agudelo v. E & D LLC, No. 12 Civ. 960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (approving $200 per hour as the market rate for junior associates in FLSA cases with three years of experience) (citing Saunders v. City of N.Y., No. 07 Civ. 830 (SAS), 2009 WL 4729948, at *4, *8 (S.D.N.Y. Dec. 9, 2009)); Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (approving $200 hourly rate for fourth-year associates in an FLSA case); see also Francois v. Mazer, No. 09 Civ. 3275 (KBF), 2012 WL 3245439, at *1 (S.D.N.Y. Aug. 6, 2012) (reducing hourly rates because, among other things, the plaintiff's FLSA and NYLL claims were "relatively straightforward").

            b.     Hours Reasonably Expended

To enable a court to determine the reasonableness of the hours expended, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the number of hours expended and the nature of the work done. See Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); Puglisi v. Underhill Park Taxpayer Ass'n, 964 F. Supp. 811, 817 (S.D.N.Y.1997).

Mr. Sherr annexed complete time records to his affirmation. (See Sherr Affirm., Ex. 1). Those records indicate that Mr. Sherr worked on the case for a total of 17.8 hours. (Id.). Those hours are reasonable in light of the nature of the work performed and there consequently is no reason to reduce them. Multiplying Mr. Sherr's hours by his adjusted hourly rate of $200 per hour, Palacios is entitled to recover attorney's fees in the amount of $3,560.

### 2. Costs

In addition to attorney's fees, Palacios seeks to recover costs in the amount of $516.15. (Sherr Aff. Ex. 2; Comp. ¶ 34(h)). The costs that a party is entitled to recover are set forth in 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Civil Rule 54.1. Of the items for which Palacios seeks reimbursement, only the de minimis sum of $6.15 (for postage) is not taxable. Palacios therefore should be awarded costs in the amount of $510.

## IV. Conclusion

For the foregoing reasons, Palacios should be awarded damages in the amount of $43,387.91, plus prejudgment interest on his state law claims at the rate of nine percent per annum from July 15, 2010. In addition, Palacios is entitled to $4,070 in attorney's fees and costs.

## V. Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres, United States District Judge, and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must

be directed to Judge Torres. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:   New York, New York
         August 6, 2013

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Honorable Analisa Torres
United States District Judge

Plaintiff's Counsel (via ECF)

Z & G Distributors, Inc.
2042-46 Amsterdam Avenue
New York, New York 10032

Fortune Distributor Corp.
2042-46 Amsterdam Avenue
New York, New York 10032

Fortune Distributor of Third Avenue, Inc.
2042-46 Amsterdam Avenue
New York, New York 10032

Sami Zeitoune
2042-46 Amsterdam Avenue
New York, New York 10032